## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### ORLANDO DIVISION

JO ANN KELTY,                                          Case No.: 11-CV-883-ORL-18-DAB

      Plaintiffs,

vs.

ZAKHEIM & LAVRAR, P.A.,

      Defendant.                               /

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, ZAKHEIM & LAVRAR, P.A., by and through undersigned counsel, hereby answers Plaintiff's, JO ANN KELTY, Complaint as follows:

1. In response to the allegations contained in Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to allege claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"). Defendant denies it has violated the FDCPA or FCCPA, and denies that it is liable to Plaintiff. All other allegations are denied.

### JURISDICTION

2. In response to Paragraph 2 of the Complaint, Defendant admits that Plaintiff purports to allege jurisdiction within this Court. All other allegations are denied.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Defendant admits that Plaintiff purports to allege venue within this District. Defendant is without knowledge as to Plaintiff's residence. Defendant admits that it has conducted business in this District.

Case No.: 11-CV-883-ORL-18-DAB

## PARTIES

5. Defendant is without knowledge as to the allegations contained in Paragraph 5 of the Complaint, and therefore, denies same.

6. In response to the allegations in Paragraphs 6, 7, 8, 9, and 10 of the Complaint, Defendant admits that it is sometimes construed as a "debt collector" as defined in the FDCPA. Defendant further admits that it uses the mail and telephone and admits that its business includes collecting amounts owed; but it is without knowledge as to whether the underlying amount at issue is a "debt" as defined by the FDCPA. All other allegations are denied.

## FACTUAL ALLEGATIONS

7. Paragraph 11 of the Complaint calls for a legal conclusion, for which no response is required. In the event a response is required, Defendant responds that it is unaware for what purpose the account balance was incurred. All other allegations are denied.

8. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

9. Defendant responds to Paragraph 13 of the Complaint that it is unaware for what purpose the account balance was incurred. All other allegations are denied.

10. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## COLLECTION CALL

12. In response to Paragraph 16 of the Complaint, Defendant states that it calls for a legal conclusion for which no response is required. In the event a response is required, the allegations are vague and ambiguous with respect to time. All other allegations are denied.

13. In response to Paragraph 17 of the Complaint, Defendant states that the allegations are vague and ambiguous with respect to time. All other allegations are denied.

## SUMMARY

15.     Defendant denies the allegations contained in Paragraphs 18, 19, 20 and 21 of the Complaint.

## TRIAL BY JURY

16.     In response to Paragraph 22 of the Complaint, Defendant admits that Plaintiff requests a trial by jury.

## CAUSES OF ACTION

### COUNT 1
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

17.     In response to the allegations in Paragraph 23 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in the above paragraphs of the Complaint.

18.     Defendant denies the allegations contained in Paragraphs 24 and 25 of the Complaint.

### COUNT 2
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

19.     In response to Paragraph 26 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in the above paragraphs of the Complaint.

20.     In response to Paragraphs 27 and 28 of the Complaint, Defendant admits that the FDCPA and Gramm Leech Bliley Act speak for themselves and are the best evidence of their contents.  Nevertheless, the references in the statutes are irrelevant and should be stricken.  All other allegations are denied.

21.    Defendant denies the allegations contained in Paragraph 29, 30, 31, 32 and 33 of the Complaint.

## COUNT 3
## VIOLATION OF 559.72(5) OF THE FLORIDA
## CONSUMER COLLECTION PRACTICES ACT

22.    In response to Paragraph 34 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in the above paragraphs of the Complaint.

23.    Defendant denies the allegations contained in Paragraph 35 of the Complaint.

## COUNT 4
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g

24.    In response to Paragraph 36 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in the above paragraphs of the Complaint.

25.    Defendant denies the allegations contained in Paragraphs 37 and 38 of the Complaint.

## COUNT 5
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g

26.    Defendant repeats and re-alleges each and every answer given in response to the allegations contained in the above paragraphs of the Complaint.

27.    Defendant denies the allegations contained in Paragraph 39 of the Complaint.

## COUNT 6
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e

28.    Defendant denies the allegations contained in Paragraph 40 of the Complaint.

Case No.: 11-CV-883-ORL-18-DAB

## **AFFIRMATIVE DEFENSES**

1. The damages alleged by Plaintiff may have been the result of superseding and/or intervening cause(s).

2. Defendant states that if it violated the Fair Debt Collection Practices Act ("FDCPA") and/or the Florida Consumer Collection Practices Act ("FCCPA"), which it denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

3. Defendant did not proximately cause Plaintiff's alleged damages.

4. Defendant states that Plaintiff fails to state a claim pursuant to 15 U.S.C. §§ 1692 *et seq*. of the FDCPA, and Fla. Stat. §§ 559.72(5) & (7) of the FCCPA, or any other statute or section. This includes Plaintiff's failure to state a claim upon which relief can be granted, where Plaintiff relies upon the acquisition of location of information provisions of the FDCPA which do not afford relief for calls made to Plaintiff, as well as because the messages described in the Complaint are not communications as a matter of law and are not otherwise violative of the FDCPA. *See e.g. Biggs v. Credit Collections, Inc.*, 2007 WL 4034997 (W.D. Okla., Nov. 15, 2007). Plaintiff has also not alleged that the call at issue was made to anyone other than Plaintiff, and therefore, there is no allegation of an attempt to communicate with anyone other than Plaintiff. Furthermore, Plaintiff has not alleged, and cannot establish, that the phone call and message alleged to have been made to Plaintiff's own answering machine was so outrageous such as to rise to the level to overcoming Florida's "impact rule" to establish damages, nor does the allegations give rise to a claim of invasion of privacy at all.

5. Plaintiff's claims are barred or diminished due to Plaintiff's failure to mitigate damages.

6. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

7. Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time.

8. Defendant has retained the law firm of Hinshaw & Culbertson LLP to represent its interests and is obligated to pay said firm attorney's fees related to the same.

9. Defendant is entitled to the award of attorneys fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. §559.77.

WHEREFORE, Defendant, ZAKHEIM & LAVRAR, P.A., respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, and that this Court award costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927, 15 U.S.C. § 1692k, and Fla. Stat. §§57.105, 559.72 in favor of Defendant, and award any other relief in favor of Defendant that this Court deems just and appropriate.

*s/Barbara Fernandez*
David P. Hartnett
Florida Bar No. 0946631
Barbara Fernandez
Florida Bar No. 0493767
dhartnett@hinshawlaw.com
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for ZAKHEIM & LAVRAR, P.A.

Case No.: 11-CV-883-ORL-18-DAB

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Andrew I. Glenn
Card & Glenn, P.A.
2501 Hollywood Blvd.
Suite 100
Hollywood, FL 33020
Phone: 954 921-9994
Fax: 954 921-9553
E-mail: AGlenn@cardandglenn.com

*s/Barbara Fernandez*
David P. Hartnett
Florida Bar No. 0946631
Barbara Fernandez
Florida Bar No. 0493767
dhartnett@hinshawlaw.com
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for ZAKHEIM & LAVRAR, P.A.